IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

YAHYA MALIK, et al.          :     CIVIL ACTION
                             :
          v.                 :
                             :
BRIAN CONBOY, et at.         :     NO. 05-6270


MEMORANDUM AND ORDER

McLaughlin, J.                         December 5, 2006


        Yahya Malik has sued the Court of Common Pleas, the
City of Philadelphia Department of Human Services ("DHS") and
Brian Conboy ("Conboy") for violating his constitutional rights
in connection with the investigation, commencement and
prosecution of child welfare claims against him.  The defendants
move to dismiss Malik's claims in two separate motions.  The
Court will grant the motions.[1]

        The two-page complaint contains six counts:

        Count 1.  FRAUD: Intentional perversion of truth
        for the purpose of inducing false representation
        of facts.  Refused to acknowledge facts of our
        whereabouts of resident [sic] and employment
        status.

        Count 2.  False representation made by the
        defendant and forcing a [sic] action upon Yahya
        Malik, of involuntary termination of parential
        rights.

_____

        [1]  On January 5, 2006, this Court dismissed without
prejudice the claims of Renee Walker, Aisha Malik and Deborah
Tribbit because they failed to submit affidavits in support of
their motion to proceed in forma pauperis.

> Count 3.  Frauds of the defendants of no proper
> service of Notice of Action in the termination
> of parental rights which show inconsistences of
> frauds [sic].
>
> Count 4.  Actionable Fraud: false representation
> made with intention to deceive; such as to
> negligence of the constitutional rights of the
> petitioner as U.S.C. 1332.
>
> Count 5.  Actionable Negligence: Brian Conboy-
> DHS worker, have conspired to deprive the
> petitioners of an absolute constitutional right;
> that of invoking "diversity jurisdiction" in a
> civil action guaranteed by the Judiciary Act of
> 1789, Article 111, Section 2, U.S. Constitution,
> and later codified as 28 U.S.C. 1332.
>
> Count 6.  Actionable Nuisance: Brian Conboy-DHS
> worker, made indecent and offensive abusive
> language to family members over telephone calls
> and visit to home which caused obstruction to
> the free use of property, forcing relocation
> which interfered with the comfortable enjoyment
> of life and property.

The allegedly unlawful conduct described in these counts occurred during the defendants' preparation for and prosecution of state court dependency hearings.  As a result of these hearings, the plaintiff's parental rights were involuntarily terminated, and the plaintiff's son, Ameen Yahya Abdulmaliki Al Faris, was committed to the custody of DHS.  Ameen was subsequently adopted.

The defendant has previously sued DHS and Conboy.  On November 16, 2001, the plaintiff filed a complaint against these defendants, alleging that they unlawfully interfered with his efforts to help the federal government combat terrorism.  In particular, the complaint alleged that the defendants engaged in

a pattern of intimidation to gain information about his previous and proposed future work with the federal government.  The scheme of intimidation allegedly included restraining the plaintiff from seeing his son and threatening to take the plaintiff's son away from him.  This Court dismissed the action on November 16, 2001, for failure to state a claim.  The Court granted the plaintiff twenty days to amend his complaint, but the plaintiff failed to file any such curative amendment.

I.   <u>The Court of Common Pleas' Motion to Dismiss</u>

The Court of Common Pleas has moved to dismiss the plaintiff's claims on the following grounds: (i) The Court of Common Pleas is not a "person" for purposes of § 1983; (ii) the Court of Common Pleas is immune from suit under the Eleventh Amendment; (iii) The <u>Rooker-Feldman</u> doctrine bars this Court from reviewing a state court adjudication; (iv) this Court lacks jurisdiction to enforce state law against a state court; and (v) this Court should abstain to the extent that there are ongoing state court proceedings.

The Court will grant the Court of Common Pleas' motion to dismiss on the ground that the Court of Common Pleas is immune from suit under the Eleventh Amendment.  As a general rule, the Eleventh Amendment bars suit against a state and its instrumentalities.  <u>Regents of the Univ. of Cal. v. Doe</u>, 519 U.S. 425, 429 (1997).  The United States Court of Appeals for the

-3-

Third Circuit has held that the Court of Common Pleas is an instrumentality of the Commonwealth of Pennsylvania and is therefore entitled to immunity under the Eleventh Amendment.  See Benn v. First Judicial Dist. of Penn., 426 F.3d 233, 238-41 (3d Cir. 2005).  Only three narrow exceptions exist to this broad immunity: (i) waiver by a state's consent to suit; (ii) suits against individual state officials for prospective relief; and (iii) abrogation by an act of Congress.  M.A. ex rel. E.S. v. State-Operated School Dist. of the City of Newark, 344 F.3d 335, 345 (3d Cir. 2003).  None of these exceptions applies here.

II.  DHS and Conboy's Motion to Dismiss

        Defendants DHS and Conboy have moved to dismiss the plaintiff's claims on the following grounds: (i) The Rooker-Feldman doctrine bars this Court from reviewing the state court adjudication; (ii) the plaintiff has failed to state a claim; (iii) the plaintiff's claims are barred by the doctrine of res judicata; and (iv) Conboy is entitled to absolute immunity from the claims asserted.  The Court will grant DHS and Conboy's motion to dismiss but will afford the plaintiff thirty days to amend his complaint to attempt to state a claim against Conboy.

    A.  Rooker-Feldman

        The Rooker-Feldman doctrine stems from the statutory provision that grants the Supreme Court jurisdiction to review

-4-

decisions of the states' highest courts.  Ernst v. Child & Youth
Serv. of Chester County, 108 F.3d 486, 491 (3d Cir. 1997).  Under
the doctrine, district courts do not have jurisdiction over cases
that are the functional equivalents of appeals from state court
judgments.  See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-
16 (1923).  A case is a functional equivalent of an appeal if (i)
the federal claim was "actually litigated" before the state
court, or (ii) the federal claim is "inextricably intertwined"
with the state adjudication.  Marran v. Marran, 376 F.3d 143, 149
(3d Cir. 2004).

        A claim is inextricably intertwined with the state
court adjudication when federal relief can be predicated only
upon a determination that the state court adjudication was wrong.
Parkview Assoc. v. City of Lebanon, 225 F.3d 321, 325 (3d Cir.
2000).  Rooker-Feldman thus bars suits where federal relief would
entail a determination that the state court judgment was
erroneously entered or where federal relief would render the
state judgment ineffectual.  Id.

        Rooker-Feldman does not, however, bar all suits against
state actors who have allegedly deprived an individual of his
constitutional rights in the course of investigating or bringing
a claim in state family court proceedings.  E.g., Ernst, 108 F.3d
at 491-92.  In Ernst, for example, the court held that Rooker-
Feldman did not apply to claims by a custodial grandmother that

-5-

employees of Child and Youth Services ("CYS") violated her substantive due process rights in the course of formulating recommendations to the state family court.  Id.  The district court reasoned that it could rule that CYA violated the plaintiff's substantive due process rights without finding that the state court judgment made on the basis of those recommendations was erroneous.  Id.

In Marran, the court likewise found that Rooker-Feldman did not preclude claims that the Office of Children and Youth ("OCY") violated the plaintiff's substantive due process rights by improperly investigating allegations of child abuse.  376 F.3d at 154.  Like the court in Ernst, the court in Marran concluded that a finding that the investigation violated the plaintiff's substantive due process rights would not require a finding that the state court erred in relying on the report stemming from the investigation.  Id.

In this case, the Rooker-Feldman doctrine bars the plaintiff's claim that the defendants did not provide adequate notice of the commencement of state court proceedings.  Federal relief on such a claim would necessarily require a determination that the state court erred.  Such a claim is properly raised on appeal from the state court proceeding, not in a subsequent federal proceeding.  Rooker-Feldman therefore bars count three of the complaint.

-6-

Rooker-Feldman would not, however, bar a claim that the defendants violated the plaintiff's constitutional rights in the course of investigating and bringing an action for involuntary termination of parental rights.  Like the claims in Ernst and Marran, these claims could be resolved in favor of the plaintiff without necessarily finding that the state court erred in its decision.  Rooker-Feldman does not appear to bar counts one, two and six.[2]

The Court, therefore, will not dismiss the entire complaint on the ground of Rooker-Feldman.

B.    Failure to State a Claim

    1.    Claims Against DHS

The Court will grant the motion to dismiss as to all claims against DHS because: (i) DHS does not have the capacity to sue or be sued, and (ii) even if the complaint were construed liberally and the City of Philadelphia were considered the defendant, the complaint would still fail to state a claim.

---

[2]  Rooker-Feldman does not bar the plaintiff's claims that the defendants deprived and conspired to deprive him of his due process rights by somehow preventing him from invoking diversity jurisdiction.  Because diversity jurisdiction only exists in federal court, these claims cannot refer to any previous state court adjudication and consequently the Rooker-Feldman doctrine does not apply.  On the other hand, this claim makes no sense.

Federal Rule of Civil Procedure 17(b) states that the capacity to sue or be sued shall be determined according to state law: (i) the capacity of an individual is determined by the law of the individual's domicile; (ii) the capacity of a corporation is determined by the law under which the corporation was organized; and (iii) the capacity of all other entities is determined by the law of the state in which the district court sits.  Fed. R. Civ. P. 17(b) (2006).  Courts have held that DHS is an agency of the City of Philadelphia and therefore falls within the third category of entities enumerated in Rule 17(b). Miller v. City of Philadelphia, No. CIV. A. 96-3578, 1997 WL 476352, at *6 (E.D. Pa. Aug. 19, 1997), aff'd, Miller v. City of Philadelphia, 174 F.3d 368 (3d Cir. 1999); Lumumba v. Dep't of Human Serv., No. CIV. A. 98-5195, 1999 WL 345501, at *4 (E.D. Pa. May 21, 1999), aff'd, Lumumba v. Dep't of Human Serv., 127 Fed. Appx. 85 (3d Cir. 2005).

In Pennsylvania, the capacity of a municipal agency to sue or be sued is controlled by Pa. Stat. Ann. tit. 53 § 16257:

> [A]ll suits growing out of [] transactions [by municipal departments or agencies], all claims to be filed for removing nuisances, together with all bonds, contracts and obligations, hereafter to be entered into or received by the said departments, shall be in the name of the City of Philadelphia.

Miller, 1997 WL 476352, at *6 n.10.  This statute makes clear that DHS, as a municipal agency, does not have the capacity to

sue or be sued.  The Court will accordingly dismiss all claims against DHS.

Even if the Court considered the City of Philadelphia to be the defendant, however, the complaint fails to state a claim.  A municipality can be found liable under § 1983 only where the municipality itself caused the constitutional violation.  <u>City of Canton v. Harris</u>, 489 U.S. 378, 385 (1989).  A plaintiff must allege that the constitutional violation resulted from the execution of an official policy or custom promulgated by municipal lawmakers or policymaking officials.  <u>Monell v. Dep't of Soc. Serv. of New York</u>, 436 U.S. 658, 694-95 (1978).  The plaintiff has failed to allege that the constitutional violations resulted from any custom or policy of Philadelphia.

### 2.   <u>Claims Against Conboy</u>

The Court will grant Conboy's motion to dismiss for failure to state a claim, but the Court will allow the plaintiff thirty days to amend his complaint to cure the defects explained below.

To state a claim under § 1983, a plaintiff must demonstrate that a person acting under the color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States.  <u>Kaucher v. County of Bucks</u>, 455 F.3d 418, 423 (3d Cir. 2006).  The Supreme Court has recognized that

the Fourteenth Amendment protects the fundamental liberty interest of natural parents in the care, custody and management of their child.  <u>Santosky v. Kramer</u>, 455 U.S. 745, 753 (1982). The Court has also recognized that absent a countervailing state interest of overriding significance, the Fourteenth Amendment guarantees at minimum a meaningful opportunity to be heard. <u>Boddie v. Connecticut</u>, 401 U.S. 371, 377 (1971).

Although the plaintiff may be able to state a cognizable claim against Conboy under the theories described above, the complaint is too vague to provide adequate notice of the grounds upon which the claim against Conboy rests.  Counts one, two and six seemingly allege that the defendant's child welfare investigation unlawfully deprived the plaintiff of his fundamental liberty interest in the care, custody and management of his child.  These claims, however, lack sufficient factual specificity to notify the defendant or the Court of the conduct that allegedly constituted such unlawfulness.  Counts four and five likewise seemingly allege that Conboy unlawfully deprived the plaintiff of his due process right to be heard.  Again, however, the complaint does not provide sufficient facts to allow the defendant or this Court to determine whether the defendant's conduct actually constituted such a deprivation.  The Court will allow the plaintiff thirty days to file an amended complaint.

-10-

C.   <u>Claim Preclusion</u>

The Court will deny the defendants' motion to dismiss on the ground of claim preclusion because the events giving rise to the previous federal suit appear to be different from the conduct giving rise to the claims in the present case.

The purpose of claim preclusion is to avoid piecemeal litigation of claims arising from the same set of events. <u>Churchill v. Star Enterprises</u>, 183 F.3d 184, 194 (3d Cir. 1999). The doctrine consequently gives dispositive effect to a prior judgment if a particular issue, although not litigated, could have been raised in the earlier proceeding.  <u>Id.</u>  Claim preclusion requires (i) a final judgment on the merits in a prior suit, (ii) the same parties or their privities in both suits, and (iii) a subsequent suit based on the same cause of action. <u>United States v. Athlone Indus., Inc.</u>, 746 F.2d 977, 983 (3d Cir. 1984).  A determination of whether two lawsuits are based on the same cause of action turns on the similarity of the underlying events giving rise to the various legal claims.  <u>Churchill</u>, 183 F.3d at 194.  Courts should not apply this test mechanically but instead should focus on the doctrine's central purpose, which is to require a plaintiff to present all claims arising out of the same transaction in a single suit.  <u>Id.</u>

The underlying events giving rise to the two lawsuits at issue here appear to be substantially different.  In the

previous federal proceeding, the plaintiff and most of the
defendants were the same as those in the present case.[3]  The
claims in the previous suit, however, revolved around the
defendants' alleged interference with the plaintiff's efforts to
help the federal government battle terrorism.  The only reference
to the custody of Malik's son appeared in count eleven of the
prior suit, where the plaintiff accused the defendants of
extortionately threatening to keep Malik's son away from him.  In
the instant case, on the other hand, the claims focus on events
surrounding the state's investigation preceding and the
commencement of dependency hearings that resulted in the
involuntary termination of the plaintiff's parental rights.

>    D.    Absolute Immunity

Because the complaint is so sparse, the Court cannot
tell whether any claims against Conboy would be barred by
absolute immunity.  In Ernst, the Third Circuit held that child
welfare workers are entitled to absolute immunity for their
actions on behalf of the state in preparing for, initiating and
prosecuting dependency proceedings.  108 F.3d at 495.  This
immunity is broad enough to include the formulation and
presentation of recommendations to the court in the course of

---

[3] In addition to Conboy and DHS, the previous adjudication
named Pam Tennessee as a defendant.  It did not, however, name
the Court of Common Pleas as a defendant.

such proceedings.  Id.  The court was careful to note, however, that this immunity, like the absolute immunity accorded prosecutors, only applies when the child welfare worker functions as an "advocate" in judicial proceedings on behalf of the state. Id.  When the child welfare worker functions in an investigative or administrative role, he or she is entitled only to qualified immunity.  See id. at 497 n.7.

          If the plaintiff files an amended complaint, he should give more specifics concerning the conduct of Conboy that he is challenging so that the Court can determine whether Conboy is entitled to immunity for such claims.

          An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

YAHYA MALIK, et al.            :      CIVIL ACTION
                               :
          v.                   :
                               :
BRIAN CONBOY, et at.           :      NO. 05-6270

ORDER

AND NOW, this 5th day of December, 2006, upon consideration of the defendants' motions to dismiss (Doc. Nos. 5 & 8), IT IS HEREBY ORDERED that:

1.  The Court of Common Pleas' motion to dismiss (Doc. No. 5) is GRANTED.

2.  DHS and Conboy's motion to dismiss (Doc. No 8) is GRANTED, but the plaintiff Yahya Malik shall have thirty (30) days to amend his complaint as to Conboy.

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.